FILED
10/27/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:26-CV-00878

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| **REBEKAH KATHERINE BREWIS,** | ) | |
| | ) | |
| Plaintiff, Pro Se, | **)** | **Case No. 1:26-cv-00878** |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| **IMOTORSPORTS, INC.,** | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF'S MOTION TO DIRECT SERVICE THROUGH THE UNITED STATES MARSHALS SERVICE, INCLUDING BY E-MAIL, TO EXTEND TIME FOR SERVICE UNDER RULE 4(m), AND FOR LEAVE TO FILE STATUS REPORT INSTANTER</u>**

Plaintiff Rebekah Katherine Brewis, proceeding pro se and in forma pauperis, moves for an order directing the United States Marshals Service to send Defendant iMotorsports, Inc. a request to waive service under Federal Rule of Civil Procedure 4(d) by e-mail and fax as well as by first-class mail; directing the Marshals Service to complete personal service if Defendant does not return a signed waiver; extending the time for service under Rule 4(m); directing that the Court's notices to Plaintiff be sent by e-mail; and granting her leave to file her status report instanter. "Compl." refers to Plaintiff's Complaint (Dkt. 1; filed as Dkt. 14). In support, Plaintiff states:

1. The Court granted Plaintiff leave to proceed in forma pauperis on March 12, 2026 (Dkt. 13), and the Clerk issued the summons to the United States Marshals Service by e-mail on

March 13, 2026 (Dkt. 15). The Court extended the time for service on June 22, 2026 (Dkt. 17), and on August 31, 2026 struck the scheduling conference pending service of summons (Dkt. 18). The docket reflects no return of service, and Defendant has not appeared.

2. In an in forma pauperis case, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must order service by a United States marshal when the plaintiff is authorized to proceed in forma pauperis. Fed. R. Civ. P. 4(c)(3).

3. A litigant proceeding in forma pauperis may rely on the Marshals Service to serve process, and "the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (citing *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). The litigant need furnish only the information necessary to identify the defendant. *Sellers*, 902 F.2d at 602. Both decisions arose from suits by prisoners; they rest on § 1915(d) and Rule 4(c)(3), which govern every in forma pauperis plaintiff. Plaintiff identified Defendant by name and gave its place of business, 334 W. Grand Avenue, Elmhurst, Illinois 60126 (Compl. ¶ 3).

4. A request to waive service "must . . . be sent by first-class mail or other reliable means." Fed. R. Civ. P. 4(d)(1)(G). For a corporation, the request is addressed to an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service. Fed. R. Civ. P. 4(d)(1)(A)(ii). A defendant located in the United States that fails, without good cause, to sign and return a requested waiver must bear the expenses later incurred in making service. Fed. R. Civ. P. 4(d)(2).

5. E-mail and fax are reliable means of reaching Defendant. Defendant's employees corresponded with Plaintiff by e-mail from the first day of their dealings (Compl. ¶ 7; Ex. A), and Defendant received Plaintiff's written demands by e-mail and by fax to (630) 529-6200 (Compl.

¶¶ 30–34; Exs. J–V). Sending the request by e-mail and fax, in addition to first-class mail, gives Defendant prompt notice at minimal cost.

6. If Defendant does not return a signed waiver within 30 days after the request is sent, delivery of the summons and complaint to an officer, a managing or general agent, or Defendant's registered agent completes service. Fed. R. Civ. P. 4(h)(1)(B).

7. Good cause supports extending the time for service. When the plaintiff shows good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Service has been with the Marshals Service since March 13, 2026 (Dkt. 15), and Plaintiff has identified Defendant and its place of business. Defendant suffers no prejudice: it has known of Plaintiff's claims since her written demands of January 2026 (Compl. ¶¶ 30–34). Plaintiff asks that the time for service be extended to January 15, 2027.

8. Plaintiff's address of record is now Aeroswift Legal Consultants, 1001 Wilshire Boulevard, PMB 2107, Los Angeles, California 90017. The Court's orders have been sent to Plaintiff by mail (Dkt. 7, Dkt. 13, Dkt. 17, Dkt. 18). Plaintiff is filing the Court's Appearance Form for Pro Se Litigants requesting notice by e-mail under Federal Rule of Civil Procedure 5(b)(2)(E), and she asks that the Court's notices be sent to owner@aeroswift.org. Written notice by e-mail is also the communication her disabilities require (Compl. ¶¶ 2, 8).

9. Plaintiff also asks leave to file her status report instanter. When the time to act has expired, the Court may extend it on motion "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is an equitable determination that takes account of all relevant circumstances, including the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer*

*Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Each factor favors Plaintiff.

10. *Prejudice, length of delay, and impact.* Defendant has not been served or appeared and suffers no prejudice. The report is less than four weeks late, in a case that awaits service of process, and the October 8, 2026 status hearing was set to track the case only (Dkt. 18).

11. *Reason for the delay: litigation brought against Plaintiff.* Plaintiff is a survivor of human trafficking and intimate-partner violence. Her human-trafficking case in this District, *Brewis v. Peterson Farms Fresh, LLC*, No. 1:25-cv-03513 (N.D. Ill.), closed in October 2025 after a settlement agreement. In July 2026, Aaron L. Peterson, a party to that agreement, sued Plaintiff twice in nine days over the agreement's confidentiality, content-deletion, and non-disparagement terms: first in this District on July 13, 2026, *Peterson v. Brewis*, No. 1:26-cv-08239 (N.D. Ill.) (Compl., Dkt. 1), which he voluntarily dismissed on July 20, 2026 (*id.*, Dkt. 17); and then in the Circuit Court of Cook County on July 22, 2026, *Peterson v. Brewis*, No. 2026 CH 06988. Plaintiff contends that the state suit retaliates against her protected reporting and petitioning and abuses legal process. Her motion to dismiss under the Illinois Citizen Participation Act, 735 ILCS 110/1 et seq., is set for hearing on November 4, 2026.

12. *The October 1, 2026 date.* The date for this report fell on the day Plaintiff, who has no lawyer, filed her motion to dismiss in the Cook County case, together with her supporting declaration and exhibits and a request for disability accommodations, for a hearing on October 2, 2026. That case has required her filings throughout October 2026, including a motion for extension of time that the court granted on October 22, 2026. Plaintiff prepares every filing herself.

13. *Displacement, safety, and health.* After an intrusion into a wireless keyboard connected to her devices on June 18–19, 2026, Plaintiff left Illinois for her safety. Since August

2026 she has been in California without stable housing, seeking placement through programs that serve survivors of human trafficking and domestic violence, none of which has yet placed her. During the same period she has been unable to obtain ongoing mental-health treatment, which her history and the trauma-related disabilities described in her complaint require (Compl. ¶¶ 2, 37). These circumstances were outside her reasonable control, and they fell on her together in the weeks surrounding the October 1, 2026 date.

14. *Good faith.* Plaintiff files this report together with this motion to move service forward, and she has asked to receive the Court's notices by e-mail, the written channel her disabilities require.

15. Defendant has not been served and has not appeared, so Plaintiff could not learn whether Defendant objects to this motion.

WHEREFORE, Plaintiff respectfully asks the Court to enter an order:

(A) directing the United States Marshals Service to send Defendant iMotorsports, Inc. a notice of this lawsuit and request to waive service under Rule 4(d), with a copy of the complaint and two copies of the waiver form, by first-class mail to 334 W. Grand Avenue, Elmhurst, Illinois 60126; by e-mail to eric@sales.imotorsportsinc.com, thomas@sales.imotorsportsinc.com, and thomas@imotorsportsinc.com; and by fax to (630) 529-6200;

(B) directing that, if Defendant does not return a signed waiver within 30 days after the request is sent, the United States Marshals Service complete personal service of the summons and complaint under Rule 4(h)(1)(B) and file the return of service;

(C) extending the time for service under Rule 4(m) to January 15, 2027;

(D) directing that the Court's notices to Plaintiff be sent by e-mail to owner@aeroswift.org;

(E) granting Plaintiff leave to file her status report instanter under Rule 6(b)(1)(B); and

(F) granting such other relief as the Court finds just.

Respectfully submitted,

/s/ Rebekah K Brewis, *Pro Se*

Aeroswift Legal Consultants

1001 Wilshire Boulevard, PMB 2107

Los Angeles, California 90017

Telephone: (224) 347-4404

Email: owner@aeroswift.org

Dated: October 27, 2026

**CERTIFICATE OF SERVICE**

I, Rebekah K Brewis, certify that on October 27, 2026, I sent a copy of the foregoing Plaintiff's Motion by e-mail to Defendant iMotorsports, Inc., which has not been served with process or appeared in this action, at eric@sales.imotorsportsinc.com, thomas@sales.imotorsportsinc.com, and thomas@imotorsportsinc.com, the e-mail addresses of Defendant's employees with whom Plaintiff corresponded (Compl. Exs. A, J).

/s/ Rebekah K Brewis, *Pro Se*